1  **SEYFARTH SHAW LLP**
   Jon D. Meer (SBN 144389)
2  jmeer@seyfarth.com
   Leo Q. Li (SBN 293539)
3  lli@seyfarth.com
   Sofya Perelshteyn (SBN 320931)
4  sperelshteyn@seyfarth.com
   Justin J. Jackson (SBN 333687)
5  jujackson@seyfarth.com
   2029 Century Park East, Suite 3500
6  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
7  Facsimile:   (310) 201-5219

8  Attorneys for Defendants
   ULTA SALON, COSMETICS & FRAGRANCE,
9  INC. and TIFFANY TUCKER

10 **D.LAW, INC.**
   Emil Davtyan (SBN 299363)
11 emil@d.law
   David Yeremian (SBN 226337)
12 d.yeremian@d.law
   Natalie Haritoonian (SBN 324318)
13 n.haritoonian@d.law
   Matthew J. Carraher (SBN 346860)
14 m.carraher@d.law
   450 N. Brand Blvd Ste 840
15 Glendale, CA 91203
   Telephone: (818) 962-6465
16 Facsimile: (818) 962-6469

17 Attorneys for Plaintiff
   MARIA ELIZABETH BONEZZI
18

19                    UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21  MARIA ELIZABETH BONEZZI, an individual on behalf of herself and all others similarly situated,<br>22<br>23              Plaintiff,<br>24        v.<br>25  ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation; TIFFANY TUCKER, an individual; and DOES 1-50, inclusive,<br>26<br>27             Defendants.<br>28 | Case No. 4:24-cv-06916-JST<br><br>**CLASS ACTION**<br><br>Honorable Jon S. Tigar, Courtroom 6<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date: March 4, 2025<br>Time: 2:00 p.m.<br><br>Complaint Filed: August 30, 2024<br>Trial Date: None Set |

# JOINT CASE MANAGEMENT STATEMENT

Plaintiff Maria Elizabeth Bonezzi ("Plaintiff") and Defendants Ulta Salon, Cosmetics & Fragrance, Inc. and Tiffany Tucker ("Defendants") (collectively, the "Parties") hereby submit this Joint Initial Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, this Court's Standing Order for All Civil Cases, the Clerk's Notice Setting Case Management Conference (Dkt. 11), and the Court's Order Granting Joint Stipulation to Continue Initial Case Management Conference (Dkt. 15).

On January 3, 2025, counsel for Plaintiff and counsel for Defendants met and conferred pursuant to Local Rule 16-9 and Fed. R. Civ. P. 26(f). The Parties submit this Joint Case Management Statement in advance of the Initial Case Management Conference set for March 4, 2025 at 2:00 p.m.

## I. JURISDICTION AND SERVICE

The Parties dispute the Court's jurisdiction of this case pursuant to the Class Action Fairness Act ("CAFA").[1] All currently named parties have been served.

### A. Plaintiff's Position

Plaintiff maintains that jurisdiction is improper and that Defendants have failed to prove that jurisdiction exists under the Class Action Fairness Act ("CAFA"). Plaintiff has filed her motion to remand this action to state court arguing that Defendant has failed to meet their burden to establish that the amount in controversy exceeds $5,000,000 based on the language of the actual complaint.

### B. Defendant's Position

Defendants maintain that jurisdiction is proper pursuant to the Class Action Fairness Act ("CAFA"), and will oppose Plaintiff's Motion to Remand. In her Motion to

---

[1] On January 9, 2025, the Parties filed a Joint Stipulation To Continue Initial Case Management Conference [Dkt. 14] based on Plaintiff's request to file a Motion to Remand. On January 13, 2025, the Court issued an Order granting the Parties' Joint Stipulation and continued the Initial Case Management Conference to March 4, 2025. (Dkt. 15.) Plaintiff filed her Motion to Remand on February 20, 2025 setting the matter for hearing on the first available hearing date on the court's calendar.

Remand, Plaintiff argues that Defendants have not met their burden to establish that the amount in controversy exceeds the $5 million CAFA threshold for a class size of approximately 23,000 non-exempt employees.

## II. FACTS

### A. Plaintiff's Facts

Plaintiff contends that Defendants have and for four years prior to the filing of this Action had, a policy and/or practice of failing to pay all overtime wages and minimum wages owed to Plaintiff and all others similarly situated due to, among other things, failing to accurately track and/or pay for all hours actually worked or recorded; using a computer or clock-in system that inaccurately records employee time entries; engaging, suffering or requiring employees to clock out for a meal period but requiring they continue work off the clock; and/or through editing or manipulation of time entries, to the detriment of Plaintiff and other similarly situated employees.

Plaintiff further contends that Defendants have and for four years prior to the filing of this Action had, a policy and/or practice of failing to provide Plaintiff and other similarly situated employees a thirty (30) minute uninterrupted and timely meal period for days on which the employees worked more than five (5) hours in a work day and a second thirty (30) minute timely uninterrupted meal period for days on which employees worked in excess of ten (10) hours in a work day, by among other things, failing to release Plaintiff and other similarly situated employees for a meal period before the fifth or tenth hour; by requiring that employees take less than a thirty (30) minute break; by suffering, engaging or permitting employees to clock out for a meal period but continue work; by failing to provide a meal period all together; and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

In addition, Plaintiff contends that Defendants have and for four years prior to the filing of this Action had, a policy or practice of failing to provide Plaintiff and similarly situated employees timely, paid and uninterrupted rest periods of at least ten (10) minutes

per four (4) hours worked or major fraction thereof, by among other things: failing to authorize timely rest periods; failing to authorize Plaintiff and other similarly situated employees to take rest periods entirely; by providing shorter than ten (10) minute rest periods when taken by requiring that employees come back from their rest break early; and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

Plaintiff further alleges that, as a result of these unlawful practices, she and other non-exempt employees were issued inaccurate wages statements and were not compensated for all wages due immediately upon termination or within 72 hours of resignation. Plaintiff also contends that Defendant did not pay Plaintiff and putative class members their costs in purchasing and laundering uniforms despite these being necessary expenditures incurred by Plaintiff and similarly situated class members in direct consequence of the discharge of their duties, or in obedience to the directions of Defendants. And, Plaintiff contends that Defendant's above-referenced acts and/or omissions provided it with an unfair advantage over companies that complied with California's wage-and-hour laws.

### B. Defendants' Facts

Ulta is the largest beauty retailer in the United States, offering a premier beauty destination for beauty products and salon services. Ulta operates more than 1,300 stores in the United States, and provides its customers with personalized experiences where associates offer customer service designed to ensure customers have a welcoming and efficient shopping experience.

Plaintiff was employed as a Services Manager at Ulta's store located in Novato, California, for less than three months, from June 26, 2023 to September 7, 2023. Plaintiff's employment was terminated for violating Ulta's Standards of Conduct related to Plaintiff's involvement in a loss prevention incident.

On August 30, 2024, Plaintiff filed this wage and hour class action against Defendants in Marin County Superior Court, which was removed to this Court under the

3
JOINT INITIAL CASE MANAGEMENT STATEMENT

315474647v.4

Class Action Fairness Act (Dkt. 1). Plaintiff's Complaint asserts the following ten causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code §510; (3) Meal Period Liability Under Labor Code § 226.7; (4) Rest Period Liability Under Labor Code § 226.7; (5) Violation of Labor Code § 226(a); (6) Violation of Labor Code § 203; (7) Violation of Labor Code § 204; (8) Failure to Keep Required Payroll Records under Labor Code §§ 1174 and 1174.5; (9) Failure to Reimburse Necessary Business Expenses § 2802; and (10) Violation of California Business and Professions Code §§ 17200, *et seq*.

Defendants dispute that Plaintiff or any class members are entitled to any relief requested by Plaintiff. Defendants deny that this case can or should proceed as a class action. Defendants further deny that Plaintiff or any class members have been damaged in any way whatsoever.

### III. LEGAL ISSUES

#### A. Plaintiff's Legal Issues

Plaintiff alleged violations under the California Labor Code and Business Professions Code in her Complaint. Plaintiff intends to certify a class of current and former employees of Defendants per the definition in Plaintiff's operative complaint. Plaintiff has also challenged removal in this action.

#### B. Defendants' Legal Issues

Defendants answered the operative Complaint, and in answering, denied all the material allegations in the Complaint and asserted numerous affirmative defenses.

Defendants contend that Ulta has always had lawful policies and procedures to pay its non-exempt employees for all time worked, provide legally-compliant meal and rest periods, and comply all aspects of the California Labor Code. Given that the proposed class includes approximately 23,552 current and former non-exempt employees across approximately 170 retail stores in California, Defendants contends that class certification under Rule 23 of the Federal Rules of Civil Procedure is improper in this case because issues of liability require individualized inquiries.

Defendants further deny that Plaintiff or any putative class members are entitled to the relief sought in the Complaint or the Prayer, or any other relief sought whatsoever.

## IV.   MOTIONS

### A.   Plaintiff's Anticipated Motions

Should Plaintiff's motion for remand not be granted, Plaintiff will seek to certify a class of current and former employees of Defendant in the state of California. In addition to this, Plaintiff may bring motions for summary judgement and or Motions to compel discovery as necessary.

### B.   Defendants' Anticipated Motions

As noted above, Defendants will oppose Plaintiff's Motion to Remand.

Defendants will oppose Plaintiff's Motion for Class Certification and may file a Motion to Deny Class Certification or a Motion for Decertification.

Defendants may also file dispositive motions, including a Motion for Summary Judgment or Partial Summary Judgment, or a Motion for Judgment on the Pleadings.

Additionally, Defendants may also bring motions to compel, motions *in limine*, and a motion to bifurcate.

## V.   AMENDMENT OF PLEADINGS

During the Parties' meet and confer on January 3, 2025, Plaintiff indicated that she would seek to amend her Complaint to add two additional plaintiffs.  The parties will agree to a stipulation to file the first amended complaint prior to the scheduled case management conference.

## VI.   EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

## VII. DISCLOSURES

The Parties agree to exchange Initial Disclosures under Fed. R. Civ. P. 26(a) by February 25, 2025.

## VIII. DISCOVERY

### A. Plaintiff's Discovery

This court has stayed discovery until the date of the Initial Status Conference. Given that this court's jurisdiction over this matter is at issue, this court should refrain from setting any deadlines or dates related to discovery, trial, or motion practice until the threshold issue of jurisdiction is determined. Not doing so would prejudice the litigants requiring them to litigate and adhere to rulings of a court which will ultimately not have jurisdiction over this matter. Regardless, in order, to support a Motion for Class Certification, several types of evidence are vital for Plaintiff to discover Defendants and then provide to this Court so that this Court can make its decision.

#### 1. Time and Payroll Records

It is vital that Plaintiff discover from Defendants time and payroll records to support the Motion for Class Certification. First, matching of time and payroll records are essential for Plaintiff to certify a class in connection with Plaintiff's allegations that there was systematic time editing by Defendants that caused Plaintiff and similarly situated employees to be underpaid minimum and overtime wages. Second, matching time and payroll records are essential to certify a class in connection with Plaintiff's allegation that Plaintiff and similarly situated employees were not provided with compliant lunch periods and/or compensation in lieu thereof. And, Plaintiff requires the production of wage statements to show that Plaintiff and similarly situated employees were not provided with accurate, itemized wage statements.

#### 2. Declarations from Putative Class Members

It is imperative that Plaintiff contact putative class members and obtain declaration testimony to support the allegations in Plaintiff's operative pleading that Defendants' practices resulted in failure to provide wages, including the allegation in Plaintiff's First

Case 4:24-cv-06916-JST    Document 18    Filed 02/25/25    Page 8 of 17

Amended Complaint that employees were routinely permitted, engaged, or suffered to work off-the-clock, particularly through lunch periods in violation of California law. Plaintiff has requested the names and contact information for putative class members so that she may contact them and obtain declarations to support her claims that Defendants' practices alleged by Plaintiff are typical of those experienced by Plaintiff, common to all putative class members, that numerosity is met, etc.

If Defendants agree to provide class contact information pursuant to a protective order, it will take Plaintiff, very conservatively, another thirty (30) days to contact all of the employees in the putative class, discuss the matter with them, and try to obtain declaration testimony to support Plaintiff's Motion. Moreover, Plaintiff will be at the mercy of Defendants and the Court in terms of how long it may take for the Stipulation for a Protective Order to be filed and potentially approved by the Court.

If Defendants only agree to provide class contact information pursuant to an opt-out notice only, putative class members will therein have another 28 days to opt out. Moreover, in a putative class of this size involving employees that worked for Defendants more than four years ago and that receive very close to the minimum wage (if not the minimum wage), it is inevitable that some of them will have moved and some notices will be undeliverable. For those employees, the notices will have to be remailed. Therein, after the 28 days to opt out has run for all employees (including those who received remailed notices), the third-party administrator will generally take another week, at minimum, to ensure it has received all feedback from putative class members before releasing information to Plaintiff's counsel. And, again, even after the completion of the notice administration and gathering of contact information, Plaintiff's counsel expects that it will take, at minimum, another 30 days to contact a sufficient number of class members of class members to obtain declarations in support of the class certification motion. And, again, Plaintiff will be at the mercy of the speed at which Defendants considering Defendants have to formally approve the third-party administrator, provide the pertinent information to the approved third-party administrator, and the third-party

administrator. And, Plaintiff will also be at the mercy of the speed at which the third-party administrator takes to mail notices, perform skip traces to remail notices, and then provide results to Plaintiff.

Thus, in this scenario, Plaintiff will not have essential information for class certification (*i.e.*, putative class member declarations) for another 60 to 120 days, depending on the pace of Defendants and the third-party administrator.

Lastly, Defendants may elect to object entirely on the basis of third-party privacy. In that case, the time it will take Plaintiff to even be heard on a Motion to Compel Further Responses under Local Rules 7-3, 37-1, 37-2, and 37-3. And, even if Plaintiff succeeds on the Motion, Plaintiff will still have to wait to receive the information by one method or another from Defendants' counsel and then contact the putative class members for their declarations.

### 3. Written Policies

Plaintiff will serve written discovery for Defendants' wage-and-hour policies in effect during the Class Period (*i.e.*, March 1, 2019 through the present). Defendants have stated that they plan to comply with their discovery obligations to provide these policies to Plaintiff in its initial disclosures. However, they may be incomplete, redacted, or not provided at all. In such a scenario, Plaintiff will have to bring a Motion to Compel.

### 4. Expert Declaration(s)

Considering there are more than one thousand employees in the putative class per Defendants' removal papers, and the Class Period is approximately five years long, it will likely take an expert weeks, at minimum, to review all the information provided to determine, for instance, if time editing and failure to pay premium wages for non-complaint meal periods, as alleged in Plaintiff's complaint, occurred systematically. The analysis will likely include how many lunch periods taken were under thirty minutes in length and how much under thirty minutes (*i.e.,* how often was the lunch taken 9 minutes in length and how often was it 29 minutes in length.) The analysis will likely include how often lunches were taken after the fifth hour of work and tenth hour of work. It will

include an analysis of how many shifts are above 5 hours in length, 6 hours in length, 10 hours in length, and 12 hours in length (*i.e.*, to determine how much lunch periods should have been taken pursuant to California Labor Code section 512 and taking into account potential arguments that lunch periods were waived by employees). And, of course, there may be other issues in the information provided that may require amendment of the pleadings and further written discovery and/or interaction with putative class members.

In addition, due to formatting of documents provided or based on unexpected findings, interactive efforts between Plaintiff's counsel and the expert(s) is often necessary, which can be lengthy. And, finally, when the analysis is completed, it will take time for the expert(s) to provide declaration testimony to be included with the Motion for Class Certification. Of course, this process cannot even start until time and payroll records are provided by Defendants.

     5.    Person(s) Most Knowledgeable Deposition(s)

Once Plaintiff receives written policies, time and payroll documents, expert analysis, and Declarations from putative class members, it will be vital for Plaintiff to depose the Person(s) Most Knowledgeable on certain categories for Defendants. Thus far, Plaintiff has not been provided with a deposition date on which any Person Most Knowledgeable on the categories designated by Plaintiff is available.

Plaintiff requests that the Court set a further scheduling conference to be held on a date after the Court issues a ruling on Plaintiff's anticipated motion for class certification, at which time the Parties would discuss and come to an agreement on a mutually agreeable trial date and any and all other pre-trial dates and deadlines, including deadlines for completion of any and all remaining merits-based and expert discovery.

**B.**    **Defendants' Discovery**

Defendants intend to depose Plaintiff and any proposed class members who submit a declaration in support of Plaintiff's Motion for Class Certification. Given that the proposed class includes over 23,000 employees, it may be necessary for Defendants to seek depositions of plaintiffs or proposed class members beyond the 10 depositions

authorized by the Federal Rules of Civil Procedure. Should that need arise as the litigation progresses, Defendants will meet and confer with Plaintiff.

On February 21, 2025, Defendants noticed the deposition of Plaintiff to occur on March 5, 2025. The deposition notice was sent with a meet and confer letter requesting that Plaintiff's counsel contact Defendants' counsel if Plaintiff or her counsel were unavailable, in order to discuss a mutually agreeable alternative date.

On February 21, 2025, Defendants propounded Requests for Production of Documents, Set One, to Plaintiff. Defendants may later propound additional written discovery requests. The scope and timing of additional discovery depends in large measure on whether the Court grants or denies Plaintiff's Motion for Class Certification.

There are over 23,000 current and former employees in the proposed class. In light of the size of the proposed class, Defendants contend that certain discovery requests, such as employee contact information, time records, and payroll records, should be limited to an agreed-upon sample for purposes of allowing Plaintiff to conduct sufficient discovery to seek class certification.

Defendants are not aware of any issues relating to disclosure or discovery of electronically-stored information but will address any such issues in the event they arise.

## IX. CLASS ACTIONS

### A. Plaintiff's Position

Should this court retain jurisdiction over this matter, Plaintiff maintains that she has presented certifiable issues of law and fact. This is a class action which is maintainable under FRCP 23(B)(3). Facts supporting this designation are available in Plaintiff's operative complaint and above in section 1. Plaintiff proposes numerous subclasses as well as a general class of employees of Defendant. Each subclass is characterized by persons who suffered a violation of the specific cause of action alleged in Plaintiff's operative complaint. These violations are the result of common practices which are existent. Plaintiff maintains that she is typical of the proposed classes. Given

the purported size of this class, a class action is certainly the superior method of adjudication and public policy is certainly served.

### B. Defendants' Position

Defendants maintain that Plaintiff cannot meet her burden of proving that a class can be maintained under Rule 23 of the Federal Rules of Civil Procedure.

Specifically, Defendants deny that there are common questions of law or fact or that such common questions predominate. Rather, Defendants assert that the merits of Plaintiff's claims, as well as any purported damages, require an individualized inquiry into Plaintiff's and each proposed class member's particular circumstances, which precludes class certification.

Defendants further deny that Plaintiff's claims are typical of the proposed class. Finally, Defendants deny that a class action is a superior method of adjudication and that public policy considerations are served by adjudicating this matter on a class-wide basis.

Defendants propose that Plaintiff's Motion for Class Certification be filed by July 25, 2025, with Defendants' Opposition due by September 19, 2025. Defendants request at least eight weeks to oppose Plaintiff's Motion for Class Certification, which will provide Defendants with the ability to take the depositions of individuals who provide declarations in support of Plaintiff's motion and any expert depositions.

Depending on the number of issues raised by Plaintiff in her Motion for Class Certification, Defendants also reserve their right to request relief from the page limit provided in Local Rules 7-2 and 7-3.

## X. RELATED CASES

Defendants are aware of two other cases asserted against Ulta Salon, Cosmetics & Fragrance, Inc. that are currently pending in other jurisdictions:

1. *Maria Elizabeth Bonezzi v. Ulta Salon, Cosmetics & Fragrance, Inc., et al.*, Superior Court for the County of Marin, Case No. CV0004429; and

2. *Juliette Baldwin v. Ulta Salon, Cosmetics & Fragrance, Inc., et al.*, Superior Court for the County of Los Angeles, Case No. 24SMCV05551.

Both cases assert overlapping wage and hour claims for alleged violations of the Labor Code. Both cases are representative actions under the Private Attorneys General Act ("PAGA").

In accordance with Local Rule 3-13, Defendants will file a Notice of Pendency of Other Action or Proceeding regarding these two cases in advance of the Initial Case Management Conference.

## XI. RELIEF

### A. Plaintiff's Position

Damages will be based on wages due but not paid, meal and rest period premiums due but not paid, split shift premiums due but not paid, waiting time penalties due but not paid, unreimbursed business expenses, and penalties for failure to timely pay, wage statement violations, and waiting time penalties for Plaintiff and putative class including actual damages, liquidated damages, declaratory relief and pre-judgement interest. Plaintiff will additionally seek an order certifying this action as a class action.

### B. Defendants' Position

Defendants deny Plaintiff's assertions and deny that Plaintiff or any putative class members are entitled to the relief sought in the operative Complaint or the Prayer, or any other relief sought whatsoever.

## XII. SETTLEMENT AND ADR

The Parties have considered alternative dispute resolution options pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5. Plaintiff proposed that the parties attend private mediation, and Defendants informed Plaintiff that they are willing to revisit the possibility of private mediation after some initial discovery has been completed. Defendants filed their ADR Certification on January 7, 2025 (Dkt. 13) and Plaintiff filed their ADR Certification on February 19, 2025 (Dkt. 16), indicating that the Parties prefer to discuss alternative dispute resolution at the case management conference.

## XIII. OTHER REFERENCES

The Parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The Parties do not consent to the jurisdiction of a magistrate judge.

## XIV. NARROWING OF ISSUES

### A. Plaintiff's Position

Plaintiff does not believe there are any issues in this litigation that would require narrowing. Plaintiff is also opposed to any bifurcation of issues in this litigation.

### B. Defendants' Position

Defendants believe that there may be dispositive or partially dispositive issues that can be narrowed in motions for summary judgment, and will meet and confer with Plaintiff regarding the narrowing of these issues at the appropriate time.

## XV. SCHEDULING

### A. Plaintiff's Position

In the event that the court determines not to remand this Action and it remains pending before this Court, Plaintiff requests that all deadlines, including designation of experts, discovery and motion cut-off dates, and pre-trial dates be set after the hearing for Plaintiff's motion to remand this action. In absence of this Plaintiff requests that the court set the deadline for Plaintiff to file her Class Certification motion for December 10, 2025, Lead attorney for Plaintiff, Natalie Haritoonian will be on maternity leave from early July through October, so Plaintiff requests the additional time in light of these extenuating circumstances.

### B. Defendant's Position

Defendants propose that Plaintiff's Motion for Class Certification be filed by July 25, 2025, with Defendants' Opposition due by September 19, 2025.

Should the Court seek to set additional case deadlines at the Initial Case Management Conference, the Parties have attached their proposed schedule of discovery, motion, and trial-related deadlines as **Exhibit A**.

## XVI. TRIAL

### A. Plaintiff's Position

Plaintiff contends that it is premature to estimate the amount of time needed for trial. A class action trial would likely last 10-15 days depending on the claims which are certified to proceed as a class action. A trial limited to Plaintiffs individual claims could take about 4-5 days.

### B. Defendants' Position

Defendants contend that it is premature to estimate the amount of time needed for trial, because it is unclear which claims will proceed to trial on an individual basis or class action basis. If trial is limited to Plaintiff's individual claims, Defendants anticipate that trial would last approximately three days. However, if one or more claims are tried on a class action basis, Defendants believes it is possible that trial could last 30 days or more.

## XVII. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On October 2, 2024, Defendants filed their Certificate of Conflicts and Interested Entities or Persons, as required by Civil Local Rule 3-15. (*See* Dkt. No. 2.) There are no other non-party interested entities or persons.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: February 25, 2025      SEYFARTH SHAW LLP

By: */s/ Sofya Perelshteyn*
    Jon D. Meer
    Leo Q. Li
    Justin J. Jackson
    Sofya Perelshteyn

Attorneys for Defendants
ULTA SALON, COSMETICS & FRAGRANCE, INC. and TIFFANY TUCKER

| | |
|---|---|
| DATED: February 25, 2025 | D.LAW, INC. |
| | By: */s/ Matthew Carraher* |
| | Emil Davtyan |
| | David Yeremian |
| | Natalie Haritoonian |
| | Matthew J. Carraher |
| | |
| | Attorneys for Plaintiff |
| | MARIA ELIZABETH BONEZZI |

# EXHIBIT A

| Event | Plaintiff's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Last day to file a motion to add parties or amend pleadings. | **March 7, 2025** | March 7, 2025 |
| Last day to file a motion for class certification | December 10. 2025 | July 25, 2025 |
| Last day to file an opposition to the motion for class certification | January 12, 2025 | September 19, 2025 |
| Last day to file a reply in support of the motion for class certification | February 10, 2025 | October 10, 2025 |
| Fact Discovery Cut-Off | June 10, 2026 | February 10, 2026 |
| Last day to file a dispositive motion | August 10, 2026 | April 10, 2026 |
| Expert Disclosures Due | July 10, 2026 | March 10, 2026 |
| Rebuttal Expert Disclosures Due | July 29, 2026 | March 31, 2026 |
| Expert Discovery Cut-Off | August 10, 2026 | April 10, 2026 |
| Mediation Completion Deadline | August 28, 2026 | May 15, 2026 |
| Final Pretrial Conference | October 7, 2026 | June 1, 2026 |