D.LAW, INC.
Emil Davtyan (SBN 299363)
Emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
Natalie Haritoonian (SBN 324318)
n.haritoonian@d.law
Matthew J. Carraher (SBN 346860)
m.carraher@d.law
880 E Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Fax: (818) 962-6469

Attorneys for MARIA ELIZABETH BONEZZI,
JESSICA RANGEL PEREZ, OCTAVIA HEARD
on behalf of themselves and others similarly situated

## DISTRICT COURT FOR THE UNITED STATES OF AMERICA

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELIZABETH BONEZZI, an individual; JESSICA RANGEL PEREZ, an individual; OCTAVIA HEARD, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC, a Delaware Corporation; TIFFANY TUCKER, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 4:24-cv-06916-JST<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Hon. Jon S. Tigar<br>Dept.: 6<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Meal Period Liability Under Labor Code § 226.7;<br>4. Rest-Break Liability Under Labor Code § 226.7;<br>5. Violation of Labor Code § 226(a);<br>6. Violation of Labor Code § 203;<br>7. Violation of Labor Code § 204;<br>8. Failure to Keep Required Payroll Records under Labor Code §§ 1174 and 1174.5;<br>9. Failure to Reimburse Necessary Business Expenses § 2802; and<br>10. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

FIRST AMENDED CLASS ACTION COMPLAINT

**INTRODUCTION**

1.      Plaintiff MARIA ELIZABETH BONEZZI, Plaintiff JESSICA RANGEL PEREZ, and Plaintiff OCTAVIA HEARD (together "Plaintiff") brings this action on behalf of herself and the Class Members who are defined as "all current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants ULTA SALON, COSMETICS & FRAGRANCE, INC, a business entity of unknown form; TIFFANY TUCKER, an individual; and DOES 1 through 50" (all defendants being collectively referred to herein as "Defendants").

2.      Plaintiff alleges that Defendants, and each of them, violated various provisions of the California <u>Labor Code</u>, relevant orders of the Industrial Welfare Commission (IWC), and the California <u>Business & Professions Code</u>, and seeks redress for these violations.

3.      Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions.

**THE PARTIES**

**A.      The Plaintiffs**

4.      Plaintiff MARIA ELIZABETH BONEZZI resides in California, during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California.

5.      Plaintiff JESSICA RANGEL PEREZ resides in California, during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California.

6.      Plaintiff OCTAVIA HEARD resides in California, during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California.

**B.      The Defendants**

7.      Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC., is a Delaware Corporation. Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. has been the employer listed on the wage statements and employment records issued to Plaintiff during the relevant time period that Plaintiff was employed with Defendants. ULTA SALON, COSMETICS & FRAGRANCE, INC. employs Plaintiff and the Class Members in California, including at Defendants' offices and facilities in Los Angeles, California, and throughout California, and conducts business throughout California.

8.      Plaintiff is informed and believes and based thereon alleges that defendant TIFFANY TUCKER is and, at all times relevant hereto, was an individual residing in California, as well as the managing agent of Defendants ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1 through 50 as further defined below. Plaintiff is further informed and believes and based thereon alleges that TIFFANY TUCKER violated or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

9.      The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

10.      Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Class Members. Defendants, and each of them, exercised control over the wages, hours or working conditions of Class Members, or suffered or permitted Class Members to work, or engaged, thereby creating a common law employment

1  relationship, with Class Members. Therefore, Defendants, and each of them, employed or jointly

2  employed Class Members.

3        11.     Plaintiff is further informed and believes and based thereon alleges that Individual

4  TIFFANY TUCKER violated, or caused to be violated, the above-referenced and below-

5  referenced Labor Code provisions in violation of Labor Code section 558.1.

6        12.     Whenever and wherever reference is made in this Complaint to any act by a

7  defendant or defendants, such allegations and references shall also be deemed to mean the acts and

8  failures to act of each defendant acting individually, jointly, and severally.

9        13.     Whenever and wherever reference is made to individuals who are not named as a

10  Defendant in this Complaint but were agents, servants, employees and/or supervisors of

11  Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope

12  of their employment.

13  **JURISDICTION AND VENUE**

14        14.     This Court has jurisdiction over this Action pursuant to California Code of Civil

15  Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought

16  as a Class Action on behalf of similarly situated Class Members of Defendants pursuant to

17  California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial

18  district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief,

19  the obligations and liabilities giving rise to this lawsuit occurred in part in Marin County.

20  Defendants maintain and operate facilities in Marin County and employs Plaintiff and other Class

21  Members in Marin County, while doing business throughout California.

22  **FACTUAL BACKGROUND**

23        15.     Class Members, or some of them, worked at Defendants behest without, at times,

24  being paid all wages due. Class Members, or some of them, were, at times, either not paid by

25  Defendants for all hours worked or were not paid at the appropriate minimum, regular and

26  overtime rates. Plaintiff also contends that Defendants failed, at times, to pay Class Members, or

27  some of them, all wages due and owing, including by requiring off the clock work, failing to

28  provide meal and rest breaks, failing to furnish accurate wage statements, failing to timely pay

wages including final wages, failing to maintain accurate records, and failing to reimburse necessary business expenses all in violation of various provisions of the California Labor Code and applicable Wage Orders.

16.    During the course of Class Members' employment with Defendants, they were, at times, not paid all wages they were owed, including for all work performed resulting in off the clock work. Defendants, at times, required Class Members, or some of them, to perform pre-shift and post-shift off the clock work. For instance, Class Members were required to wait outside the store until another employee was present to unlock the door and disarm any alarms. After clocking out, Plaintiff and Class Members, or some of them, were also required, at times, to wait for the manager to lock up the store before they were able to leave. Plaintiff and Class Members, or some of them, were required to undergo bag checks after they punched out, but before they were able to leave the premises. As such, Plaintiff and Class Members, or some of them.

17.    By implementing policies, programs, practices, procedures and protocols which resulted in off the clock work, Defendants' willful actions resulted in the systematic underpayment of wages to Class Members, or some of them, including underpayment of overtime pay to Class Members over the relevant time period. For example, the above described off the clock work addressed above caused Plaintiff to begin receiving overtime pay later than they should have.

18.    As a result of the above described requirements to work off the clock and the other wage violations they endured at Defendants' hands, Class Members, or some of them, were not properly paid all wages earned and all wages owed to them by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week.

19.    As a result of Defendants' unlawful policies and practices, Class Members, or some of them, incurred overtime hours worked for which they were, at times, not adequately and completely compensated, in addition to the hours they were required to work off the clock. To the extent applicable, Defendants also, at times failed to pay Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the

1  seventh consecutive work day, as required under the <u>Labor Code</u> and applicable IWC Wage

2  Orders.

3      20.    Therefore, from at least four (4) years prior to the filing of this lawsuit and

4  continuing to the present, Defendants had a policy or practice of failing, at times, to pay Class

5  Members, or some of them, for all hours worked, and failing to pay minimum wages for all time

6  worked, as required by California law. Defendants thus failed, at times, to pay Class Members, or

7  some of them, at least minimum wages for all the time they worked for Defendants in violation of

8  the <u>Labor Code</u> and applicable IWC Wage Orders as the actual times when Class Members were

9  under the control and direction of Defendants was under reported in the hours reflected on the

10  timekeeping records. Furthermore, Defendants' willful actions resulted in the systematic

11  underpayment of wages to Class Members, including underpayment of overtime pay to Class

12  Members, or some of them, over a period of time.

13      21.    Therefore, from at least four (4) years prior to the filing of this lawsuit and

14  continuing to the present, Defendants had a policy or practice of failing, at times, to pay Class

15  Members, or some of them for all hours worked. Also, from at least four (4) years prior to the

16  filing of this lawsuit and continuing to the present, Defendants also had a policy or practice of

17  failing to pay Class Members, or some of them, their true and correct overtime compensation at

18  premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40)

19  hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in

20  violation of <u>Labor Code</u> § 510 and the corresponding sections of IWC Wage Orders.

21      22.    Additionally, Defendants failed, at times, to provide all the legally required unpaid,

22  off-duty meal periods and all the legally required paid, off-duty rest periods to Class Members, or

23  some of them, as required by the applicable Wage Order and <u>Labor Code</u>. Class Members were

24  required to perform work as ordered by Defendants for more than five (5) hours during a shift but

25  were, at times, required to do so without receiving a lawful and timely meal break. In addition to

26  untimely meal periods, Defendants, at times, also required Class Members, or some of them, to

27  respond to work demands during a meal period. Defendants placed their needs over Class

28  Members lawful meal and rest breaks and this resulted in Class Members having to work through

CLASS ACTION COMPLAINT

their scheduled meal and/or rest breaks, or otherwise taking shortened ones, because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off duty meal and/or rest break.

23.    On the occasions when Class Members, or some of them, worked over 10 hours in a shift, Defendants also failed, at times, to provide them with a second, uninterrupted, timely and duty-free meal period. As a result, Defendants' failure to provide Class Members, or some of them, with all legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof. Defendants also failed to pay Class Members, or some of them, "premium pay," i.e. one hour of wages at each Class Member's effective hourly rate of pay, for each meal period or rest break that Defendants failed to provide or deficiently provided.

24.    Therefore, for at least four years prior to the filing of this action and through to the present, Defendants have, at times, regularly required Class Members, or some of them to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Class Members "premium pay," i.e. one hour of wages at each Class Member's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

25.    Meal period violations thus occurred in one or more of the following manners:

    a. Class Members, or some of them, were, at times, not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

    b. Class Members, or some of them, were, at times, not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

    c. Class Members, or some of them, were, at times, required to work through at least part of their daily meal period(s);

d.   Meal periods were, at times, provided after five (5) hours of continuous work during a shift; and

e.   Class Members, or some of them, were restricted in their ability to take a full thirty-minute meal period.

26.    Class Members, or some of them, were, at times, also not authorized and permitted to take lawful rest periods, were required by Defendants, at times, to work through or during breaks and were not provided with one (1) hour's wages in lieu thereof. Class Members, or some of them, were restricted, at times, in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods. Therefore, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants have, at times, failed to provide Class Members, or some of them, with paid rest breaks of not less than ten minutes for every work period of four or more consecutive hours; or major fraction thereof, nor did Defendant pay Class Members premium pay for each day on which requisite rest breaks were not provided or were deficiently provided.

27.    Rest period violations therefore arose in one or more of the following manners:

(a)   Class Members, or some of them, were, at times, required to work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b)   Class Members, or some of them, were not authorized and permitted, at times, to take timely rest periods for every four hours worked, or major fraction thereof; and

(c)   Class Members, or some of them, were required, at times, to remain on-duty during rest periods or otherwise had their rest periods interrupted by work demands.

28.    Defendants also failed, at times, to issue accurate itemized wage statements as required by Labor Code § 226(a). Specifically, the wage statements given to Class Members, or

some of them, failed to accurately list the amount of total hours worked and therefore the statements do not comply with Labor Code § 226(a)(2). Additionally, the wage statements given to Class Members, or some of them, failed to accurately account for unpaid wages and their actual hours worked were under-reported due to off the clock work. Additionally, the wage statements given to Class Members, or some of them, failed, at times, to accurately account for premium pay for deficiently provided meal periods and rest breaks.

29.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have, at times, also had a policy of failing to pay all wages owed to Class Members, or some of them, at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws. Specifically, Plaintiff and Class Members were not paid all regular and overtime wages because Defendants, at times, failed to pay for all hours worked by requiring off the clock work. Additionally, Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

30.     Additionally, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Class Members, or some of them, to incur business expenses in the course of performing their required job duties for Defendants including for cell phone expenses. Upon information and belief, Class Members, or some of them, incurred similar costs. These expenses incurred by Class Members were necessary and required of them in performing their assigned job duties, but Defendants failed to reimburse Class Members for all such necessary expenditures, thus entitling them to reimbursement according to proof as required under Labor Code § 2802 and the applicable provisions of the IWC Wage Orders.

31.     In light of the foregoing, Plaintiff and Class Members bring this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 248, 510, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2802 and California Code of Regulations, Title 8, section 11000 *et seq.*

32.     Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff

1  and the Class Members seek injunctive relief, restitution, and disgorgement of all benefits

2  Defendants have enjoyed from their violations of <u>Labor Code</u> and the other unfair, unlawful, or

3  fraudulent practices alleged in this Complaint.

4  <b><u>CLASS ALLEGATIONS</u></b>

5       33.     Plaintiff seeks to represent the Subclasses composed of and defined as follows:

6       a.     <u>Subclass 1.   Minimum Wages Subclass</u>. All Class Members who were not

7  compensated for all hours worked for Defendants at the applicable minimum wage.

8       b.     <u>Subclass 2.   Wages and Overtime Subclass</u>. All Class Members who were not

9  compensated for all hours worked for Defendants at the required rates of pay, including for all

10  hours worked in excess of eight in a day and/or forty in a week.

11       c.     <u>Subclass 3.  Meal Period Subclass</u>. All Class Members who were subject to

12  Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-

13  free meal periods or one hour of pay at the Class Member's regular rate of pay in lieu thereof.

14       d.     <u>Subclass 4.  Rest Break Subclass</u>. All Class Members who were subject to

15  Defendants' policy and/or practice of failing to authorize and permit Class Members to take

16  uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

17  thereof, and failing to pay one hour of pay at the Class Member's regular rate of pay in lieu

18  thereof.

19       e.     <u>Subclass 5.  Wage Statement Subclass</u>. All Class Members who, within the

20  applicable limitations period, were not provided with accurate itemized wage statements.

21       f.     <u>Subclass 6.  Termination Pay Subclass</u>. All Class Members who, within the

22  applicable limitations period, either voluntarily or involuntarily separated from their employment

23  and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

24  termination.

25       g.     <u>Subclass 7: Failure to Timely Pay Wages Twice Monthly Subclass</u>.  All Class

26  Members who were subject to Defendants' policy and practice of not timely paying all wages

27  earned when they were due and payable at least twice monthly.

28       h.     <u>Subclass 8.  Payroll Records Subclass</u>.  All Class members who were subject to

Defendants' policy and/or practice of failing to keep accurate time and wage records as required by California wage-and-hour laws.

        i.      <u>Subclass 9.  Expense Reimbursement Subclass</u>. All Class Members who incurred necessary and reasonable expenses in connection with performing their job duties for Defendant and who were subject to a policy and/or practice under which such expenses were not reimbursed.

        j.      <u>Subclass 10.  UCL Subclass</u>. All Class Members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

        34.      Plaintiff reserves the right under <u>California Rule of Court</u> 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

        35.      Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable <u>Labor Code</u>, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate compensation for the time worked by Class Members, even though Defendants enjoyed the benefit of this work, required Class Members to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class Members wages to which these employees are entitled and failed to provide meal periods or authorize and permit rest periods, in order to unfairly cheat the competition and unlawfully profit.

        36.      This action has been brought and may properly be maintained as a class action under the provisions of <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

        **A.**      **Numerosity**

        37.      The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

time period relevant to this lawsuit, hundreds of employees who satisfy the Class definition within the State of California.

38.    Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all Class Members.

**B.    Commonality**

39.    There are questions of law and fact common to the Class that predominates over any questions affecting only individual Class Members. These common questions of law and fact include:

a.    Whether Defendants failed to pay Class Members minimum wages;

b.    Whether Defendants failed to pay Class Members wages for all hours worked;

c.    Whether Defendants failed to pay Class Members overtime as required under Labor Code § 510;

d.    Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Class Members with requisite meal periods or premium pay in lieu thereof;

e.    Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Class Members to take requisite rest breaks or provide premium pay in lieu thereof;

f.    Whether Defendants violated Labor Code § 226(a) by providing Class Members with inaccurate wage statements;

g.    Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

h.    Whether Defendants' conduct was willful;

i.    Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

j.    Whether Defendants violated Labor Code § 1194 by failing to compensate all Class

Members during the relevant time period for all hours worked, whether regular or overtime;

k.    Whether Defendants violated <u>Labor Code</u> § 204 by failing to timely pay wages;

m.    Whether Defendants violated <u>Labor Code</u> § 2802 by failing to reimburse all necessary business expenses Defendants required them to incur in performing their job duties;

l.    Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*; and

m.    Whether Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.    Typicality**

40.    The claims of the named plaintiff is typical of those of Class Members. The Class Members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.    Adequacy of Representation**

41.    Plaintiff will fairly and adequately represent and protect the interest of the Class Members. Counsel who represents Class Members are experienced and competent in litigating employment class actions.

**E.    Superiority of Class Action**

42.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to all Class Members predominate over any questions affecting only individual Class Members. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Class Members properly.

43.    As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class Members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class

Members. Further, as the economic or other loss suffered by vast numbers of Class Members may be relatively small, the expense and burden of individual actions makes it difficult for the Class Members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Class Members to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

44.     Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class Members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

45.     Defendants, as prospective and actual employers of the Class Members, had a special fiduciary duty to disclose to prospective Class Members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon Class Members as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on Class Members.

46.     Class Members did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California law as well as obtain injunctive relief

CLASS ACTION COMPLAINT

preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiff and the Class Members discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

47.    Plaintiff re-alleges and incorporate all preceding paragraphs, as though set forth in full herein.

48.    Defendants, at times, failed to pay Class Members, or some of them, minimum wages for all hours worked. Defendants had a consistent policy of misstating Class Members' time records and failing to pay Class Members for all hours worked. Class Members would, at times, work hours and not receive wages, including as alleged above in connection with off the clock work. Defendants, and each of them, have intentionally and improperly changed, adjusted and/or modified the hours of Class Members, which resulted in off the clock work and underpayment of all wages owed to Class Members over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Class Members, to their detriment. Additionally, Defendants, at times, had a policy of failing to pay Class Members, or some of them, for hours worked during alleged meal and rest periods for which Class Members were consistently denied, as also addressed herein. Defendants' pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class, as a result of implementing a policy and practice that at times, denied accurate compensation to Class Members as to minimum wage pay.

49.    In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

50.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

51.     The applicable minimum wages fixed by the commission for work during the relevant period is found in Paragraph 4(A)-4(D) of the IWC Wage Orders.

52.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

53.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

54.     In committing these violations of the California Labor Code, Defendants inaccurately recorded, or required Class Members, or some of them, to input times that did not reflect their actual hours worked, or calculated the correct time worked and consequently underpaid the actual time worked by Class Members. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendant also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

55.     California Labor Code § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

56.     In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely

pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

57.    Pursuant to California Labor Code § 1194.2, Class Members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

58.    Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Class Members.

59.    Wherefore, Class Members, or some of them, are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code, including § 558, and/or other applicable statutes.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

60.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

61.    California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Division of Labor Standards and Enforcement.

62.    By their conduct, as set forth herein, Defendants, at times, violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Class Members, or some of them: (a) time and one-half their regular hourly rates for hours worked

in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek.

63.    Defendants had a policy of not paying Class Members, or some of them, wages for all hours worked, including by requiring off the clock work, as addressed above. Defendants, and each of them, have intentionally and improperly changed, adjusted and/or modified certain employees' hours, including Plaintiff's, in order to avoid paying Class Members all earned and owed straight time and overtime wages and other benefits, in violation of the California <u>Labor Code</u>, the California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Class Members to work through portions of their meal period. Therefore, Class Members, at times, were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Based on information and belief, Defendants did not make available to Class Members a reasonable protocol for correcting time records when Class Members worked overtime hours or to fix incorrect time entries.

64.    Defendants' failure to pay Class Members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of <u>Labor Code</u> §§ 510 and 1198, and is therefore unlawful.

65.    Additionally, <u>Labor Code</u> § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall

be paid to the affected employee." <u>Labor Code</u> § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the <u>Labor Code</u> regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class Members seek the remedies set forth in <u>Labor Code</u> § 558.

66.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California <u>Labor Code</u> § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California <u>Labor Code,</u> Defendants have failed to pay all wages and overtime compensation earned by Class Members. Each such failure to make a timely payment of compensation to Class Members constitutes a separate violation of California <u>Labor Code</u> § 204.

67.     Class Members have been damaged by these violations of California <u>Labor Code</u> §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

68.     Consequently, pursuant to the California <u>Labor Code</u>, including <u>Labor Code</u> §§ 204, 510, 558, and 1194, and the applicable IWC Wage Order, paragraph 3(A) and 4(B), Defendants are liable to Class Members for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the <u>Labor Code</u> and/or other statutes.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

69.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

70.     Class Members, or some of them, regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to <u>Labor Code</u> § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him

or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

71.    Defendants, at times, failed to provide Class Members, or some of them, with meal periods as required under the <u>Labor Code</u>. Defendants placed their needs over Class Members lawful meal breaks and this resulted in Class Members consistently having to work through their scheduled meal breaks because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty meal break. Furthermore, upon information and belief, on the occasions when Class Members worked more than ten (10) hours in a given shift, they did so without receiving a second uninterrupted thirty (30) minute meal period as required by law.

72.    Defendants thus failed to provide Class Members with meal periods as required by the <u>Labor Code</u>, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks.

73.    Moreover, Defendants, at times, failed to compensate Class Members, or some of them, for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7 and paragraph 11 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed, at times, to compensate Class Members for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7.

74.    Therefore, pursuant to <u>Labor Code</u> § 226.7 and the applicable IWC Wage Order, paragraph 11, Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and other statutes.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

75.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

76.    <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours.

77.    Class Members, or some of them, consistently worked consecutive four (4) hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the <u>Labor Code</u> and the applicable IWC Wage Order, Class Members were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants, at times, failed to provide Class Members, or some of them with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. Defendants placed their needs over Class Members lawful rest breaks and this resulted in Class Members consistently having to work through their scheduled rest breaks because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty rest break. Thus, Class Members, or some of them, were consistently denied of their rest breaks.

78.    <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

79.    Defendants, and each of them, have, at times, therefore intentionally and improperly denied rest periods to Class Members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

80.    Defendants, at times, failed to authorize and permit Class Members to take rest periods, as required by the <u>Labor Code</u>. Moreover, Defendants, at times, did not compensate Class Members, or some of them, with an additional hour of pay at each Class Member's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under <u>Labor Code</u> § 226.7.

81.     Therefore, pursuant to <u>Labor Code</u> § 226.7 and paragraph 12 of the applicable IWC Wage Orders, Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 226(a)**

**(Against All Defendants)**

82.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

83.     California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

84.     Defendants, at times, failed to provide Class Members, or some of them, with accurate itemized wage statements in writing, as required by the <u>Labor Code</u>. Specifically, the wage statements given to Class Members failed to accurately account for unpaid wages and overtime because their actual hours worked were under-reported due to off the clock work. Additionally, the wage statements given to Class Members failed to accurately account for premium pay for deficiently provided meal periods and rest breaks.

85.     Throughout the liability period, Defendants, at times, intentionally failed to furnish to Class Members, or some of them, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of

1  the employee and only the last four digits of his or her social security number or an employee

2  identification number other than a social security number, (8) the name and address of the legal

3  entity that is the employer and (9) all applicable hourly rates in effect during the pay period and

4  the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor

5  Code § 226, amongst other statutory requirements. Defendants knowingly and intentionally failed

6  to provide Class Members with such timely and accurate wage and hour statements.

7       86.    Class Members, or some of them, suffered injury as a result of Defendants'

8  knowing and intentional failure to provide them with the accurate wage and hour statements as

9  required by law and are presumed to have suffered injury and be entitled to penalties under Labor

10  Code § 226(e), as the Defendants have, at times, failed to provide wage statements with accurate

11  and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9),

12  inclusive, and Class Members cannot promptly and easily determine from the wage statement

13  alone one or more of the following: (i) The amount of the gross wages or net wages paid to the

14  employee during the pay period or any of the other information required to be provided on the

15  itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii)

16  Which deductions the employer made from gross wages to determine the net wages paid to the

17  employee during the pay period, (iii) The name and address of the employer and, (iv) The name of

18  the employee and only the last four digits of his or her social security number or an employee

19  identification number other than a social security number. For purposes of Labor Code § 226(e)

20  "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be

21  able to readily ascertain the information without reference to other documents or information.

22       87.    Therefore, as a direct and proximate cause of Defendants' violation of Labor Code

23  § 226(a), Class Members suffered injuries, including among other things confusion over whether

24  they received all wages owed them, the difficulty and expense involved in reconstructing pay

25  records, and forcing them to make mathematical computations to analyze whether the wages paid

26  in fact compensated them correctly for all hours worked.

27       88.    Pursuant to Labor Code §§ 226(a) and 226(e) and 1174, and the applicable IWC

28  Wage Order, paragraph 7(B), Class Members are entitled to recover the greater of all actual

damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

<strong>SIXTH CAUSE OF ACTION</strong>

<strong>VIOLATION OF <u>LABOR CODE</u> § 203</strong>

<strong>(Against All Defendants)</strong>

89.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

90.     Numerous Class Members are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

91.     Defendants failed, at times, to pay these Class Members all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

92.     The wages withheld, at times, from these Class Members, or some of them, by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

93.     Defendants, at times, failed to pay Class Members, or some of them, without abatement, all wages as defined by applicable California law. Specifically, Plaintiff and Class Members, or some of them, were not paid all regular and overtime wages because Defendants, at times, failed to pay for all hours worked by requiring off the clock work. Additionally, Defendants, at times, failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of <u>Labor Code</u> § 203.

94.     Defendants' failure to pay wages, as alleged entitles these Class Members to penalties under <u>Labor Code</u> § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

<strong>SEVENTH CAUSE OF ACTION</strong>

<strong>VIOLATION OF LABOR CODE § 204</strong>

**(Against All Defendants)**

95.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

96.     Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed, at times, to pay all wages earned by not more than seven calendar days following the close of the payroll period. These failures arose from Defendants' failure to pay for all hours worked.

97.     All wages due and owing to Plaintiff and the Class Members, or some of them, including as required under Labor Code § 510, were therefore not timely paid by Defendants, as addressed in detail above. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each Class Member, or some of them, in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages or commissions to which he or she was entitled.

98.     Defendants thus, at times, violated Labor Code § 204 by refusing to pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than

those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class Members may therefore pursue damages and penalties for violations of <u>Labor Code</u> § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

99.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members seek to represent they have been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to <u>Labor Code</u> § 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER <u>LABOR CODE</u> § 1174 AND 1174.5**

**(Against All Defendants)**

100.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

101.    California <u>Labor Code</u> § 1174 requires that all employers shall keep accurate time and wage records for all employees. California <u>Labor Code</u> § 1174.5 further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

102.    During the course of Plaintiff's and Class Members' employment, Defendants, at times, failed to maintain accurate time and wage records for Plaintiff and Class Members as required by California <u>Labor Code</u> § 1174 by failing to pay Plaintiff and Class Members, or some of them, proper wages, overtime, and premium pay as discussed above.

103.    Accordingly, Defendants are liable for civil penalties pursuant to the California <u>Labor Code</u> § 1174.5 for the three (3) years prior to the filing of this Complaint.

**NINTH CAUSE OF ACTION**

**REIMBURSEMENT OF NECESSARY EXPENDITURES UNDER <u>LABOR CODE</u> § 2802**

**(Against All Defendants)**

CLASS ACTION COMPLAINT

1    104.    Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in

2    full herein.

3    105.    Under Labor Code § 2802(a) an employer must indemnify its employees for all

4    necessary expenditures or losses incurred by the employee in direct consequence of the discharge

5    of his or her duties, or of his or her obedience to the directions of the employer.

6    106.    Defendants, at times, have required Class Members, or some of them, to incur

7    business expenses in the course of performing their required job duties for Defendants including for

8    cell phone expenses. These expenses incurred by Class Members, or some of them, were necessary

9    and required of them in performing their assigned job duties, but Defendants, at times, failed to

10   reimburse Class Members, or some of them, for all such necessary expenditures. Class Members

11   were not reimbursed for those lawful and necessary work related expenses or losses incurred in

12   direct discharge of their job duties during employment with Defendants and at the direction of the

13   Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

14   107.    As a result of the unlawful acts of Defendants, Class Members, or some of them,

15   have been deprived of reimbursement in amounts to be determined at trial; they are entitled to

16   recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

17   **TENTH CAUSE OF ACTION**

18   **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

19   **(Against All Defendants)**

20   108.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

21   full herein.

22   109.    Plaintiff, on behalf of herself, Class Members, and the general public, brings this

23   claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as

24   alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Class

25   Members, or some of them, and the general public. Plaintiff seeks to enforce important rights

26   affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

27   110.    Plaintiff is a "person" within the meaning of Business & Professions Code

28   § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive

1    relief, restitution, and other appropriate equitable relief.

2        111.    Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair

3    business practices. By the conduct alleged herein, Defendants' practices were, at times, deceptive

4    and fraudulent in that Defendants' policy and practice failed to provide the required amount of

5    compensation for missed meal and rest breaks, and failed to adequately compensate Class

6    Members, or some of them, for all hours worked, due to systematic business practices as alleged

7    herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial

8    Welfare Commission requirements in violation of California Business and Professions Code §§

9    17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to

10   California Business & Professions Code § 17203, including restitution of wages wrongfully

11   withheld.

12       112.    Wage-and-hour laws express fundamental public policies. Paying employees their

13   wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental

14   public policies of California. Labor Code § 90.5(a) articulates the public policies of this State

15   vigorously to enforce minimum labor standards, to ensure that employees are not required or

16   permitted to work under substandard and unlawful conditions, and to protect law-abiding

17   employers and their employees from competitors who lower costs to themselves by failing to

18   comply with minimum labor standards.

19       113.    Defendants have violated statutes and public policies. Through the conduct alleged

20   in this Complaint Defendants have acted contrary to these public policies, have violated specific

21   provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

22   violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff,

23   and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

24   guaranteed to all employees under the law.

25       114.    Defendants' conduct, as alleged above, constitutes unfair competition in violation

26   of the Business & Professions Code § 17200 *et seq*.

27       115.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

28   overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq*.

116.    By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor Code including Sections 203, 204, 226, 226.7, 512, 1194, 1197, and 1198, for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

117.    As a proximate result of the above-mentioned acts of Defendants, Class Members have been damaged, in a sum to be proven at trial.

118.    Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Class Members to the money Defendants have unlawfully failed to pay.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.    For an order certifying this action as a class action;

2.    For compensatory damages in the amount of the unpaid minimum wages for work performed by Class Members and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.    For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.    For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5.      For compensatory damages in the amount of the hourly wage made by Class Members for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6.      For compensatory damages in the amount of the hourly wage made by Class Members for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7.      For penalties pursuant to Labor Code § 226(e) for Class Members, as may be proven;

8.      For penalties pursuant to Labor Code § 203 for all Class Members who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

9.      For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 204, as may be proven;

10.     For restitution and/or damages for all amounts unlawfully withheld from the wages for all Class Members in violation of Labor Code § 2802, as may be proven;

11.     For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

12.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

13.     For other wages and penalties under the Labor Code as may be proven;

14.     For all general, special, and incidental damages as may be proven;

15.     For an award of pre-judgment and post-judgment interest;

16.     For an award providing for the payment of the costs of this suit;

17.     For an award of attorneys' fees; and

///

///

///

CLASS ACTION COMPLAINT

18.     For such other and further relief as this Court may deem proper and just.


DATED: June 20, 2025                          D.LAW, INC.


                                              By: /s/ Natalie Haritoonian_____
                                              David Yeremian
                                              Natalie Haritoonian
                                              Matthew Carraher
                                              Attorneys for Plaintiff MARIA ELIZABETH
                                              BONEZZI, and all others similarly situated

CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

3

4 DATED: June 20, 2025       D.LAW, INC.

5

6              By: /s/ Natalie Haritoonian_____
              David Yeremian

7              Natalie Haritoonian

8              Matthew Carraher
              Attorneys for Plaintiff MARIA ELIZABETH

9              BONEZZI, and all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT